UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CIV-21236-MORENO
(16-CR-20100-MORENO)
MAGISTRATE JUDGE P.A. WHITE

| | |
|---|---|
| Sirley Castro, : | |
| Movant, : | |
| v. : | REPORT OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking her conviction and sentence entered in Case No. 16-CR-20100-MORENO.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion (CV-DE#1), and all pertinent portions of the underlying criminal file. No order to show cause has been issued because, on the face of the motion, it is evident the movant is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings.[1]

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings, provides, in pertinent part, that "[I]f it plainly appears from the motion and any attached exhibits, and the record of prior proceeding that the movant party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party...."

1

## Claims

Ground One: Ineffective assistance of counsel in failing to review evidence that shows Movant is not a drug dealer.

Ground Two: Ineffective assistance of counsel in failing to investigate the case and also in failing to investigate the statement at the bond hearing that Movant was the principal in the investigation.

Ground Three: Ineffective assistance of counsel in advising Movant to plead guilty.

Ground Four: Ineffective assistance of counsel in failing to review the evidence that the drugs never existed and that Movant was entrapped.

## Procedural History

Movant was charged along with one count of conspiracy to possess with intent to distribute five (5) or more kilograms of a substance and mixture containing a detectable amount of cocaine and one (1) kilogram or more of a substance and mixture containing a detectable amount of heroine in violation of 21 U.S.C. § 846, and one count of attempt to possess with intent to distribute the controlled substances referenced in the conspiracy count in violation of 21 U.S.C. §841. (CR-DE#14).

Movant pled guilty to the conspiracy count pursuant to a written plea agreement. (CR-DE#54). In exchange, the government agreed to dismiss the attempt charge after sentencing, and to make a recommendation that Movant's offense level be reduced accordingly for Movant's timely acceptance of responsibility. In addition, the parties jointly agreed that they would recommend to the Court that the Base Offense Level would be 32, and that Movant should receive a two-level minor participant reduction to her offense level. Significantly, the parties also agreed to jointly recommend that, pursuant to § 5C1.2 of the Guidelines, the Court impose a sentence

below the statutory mandatory minimum if certain conditions were met.

In the plea agreement, Movant acknowledged that Movant understood that her sentence would be calculated according to the Guidelines, and that Movant further understood that the Court could impose a sentence above or below the Guidelines. Movant further acknowledged that Movant understood that the Court had to impose a mandatory minimum of 10 years in prison, followed by a term of supervised release of a minimum of three years and up to life. Movant also acknowledged understanding that the Court would impose a special assessment of $100. Movant acknowledged that Movant was aware that her sentence had not yet been determined by the Court, and that any estimate that Movant had received from any source was merely a predication, not a promise, and not binding on the Court. Movant also agreed to the forfeiture of certain property, to waive her appellate rights, and acknowledged that her plea could have adverse immigration consequences if Movant was not a United States citizen, including automatic removal from the United States. Finally, Movant affirmed that the terms contained in the plea agreement was the entire agreement between the parties, and that there were no other agreements, promises, representations or understandings.

Movant also executed a factual proffer in connection with her plea. (CR-DE#53). In that proffer, Movant agreed that, if the case proceeded to trial, the government would prove certain facts that would be sufficient to convict Movant of both counts against her.

Movant appeared for her change-of-plea hearing on March 29, 2016. (CV-DE#7-1). Movant was present with an interpreter. Counsel for Movant confirmed that the plea agreement had been translated for her twice. The Court then placed Movant under oath, and Movant immediately confirmed that she wanted to plead guilty.

Movant stated that she did not need any more time to speak to her lawyer, and that she was satisfied with his representation. Movant also confirmed that the signature on the plea agreement was hers, and that the plea agreement had been translated for her.

The Court then reviewed the charges that Movant was pleading guilty to with her, including the quantity of the cocaine and heroine at issue. Movant specifically stated that she understood the amounts of the drugs. Movant also stated that no one had forced or threatened her into pleading guilty, and that she had not been promised anything other than what was in the plea agreement.

The Court then confirmed with Movant that she understood she was facing a maximum of life in prison, a maximum of life on supervised release, a $100 special assessment, and a maximum fine of $1 million. The Court and the parties discussed that it appeared that Movant qualified for safety valve, and the Court explained to Movant that, if certain conditions were met and if Movant provided a statement, that the Court could give Movant a sentence below the 10-year mandatory minimum for her offense. And Movant confirmed that she understood that as well.

The Court then explained to Movant how the Sentencing Guidelines worked, and that Movant would likely receive the reductions to her offense level based on her timely acceptance of responsibility, and for a minor role in the offense. The Court also confirmed that Movant understood that she was waiving her appellate rights, as well as the valuable constitutional rights that she was giving up by pleading guilty. The Court similarly advised Movant of the adverse immigration consequences of her plea, stating that she would be deported or removed to her home country, and that she would never be able to return to the United States.

The Court then told Movant to listen carefully to the factual proffer, and the government then proceeded to recite what it would have proven beyond a reasonable doubt had the case proceeded to

4

trial. Movant then stated that she agreed with everything the prosecutor had stated, and that she did not need any additional time to speak with her lawyer. The Court then found that Movant's guilty plea was freely and voluntarily entered, that Movant was represented by competent counsel, and that there was a sufficient factual basis for Movant's plea. The Court thus pronounced Movant guilty.

Movant appeared for sentencing on July 2, 2016, with an interpreter (CR-DE#121). Movant's guideline sentencing range according to the PSI was 46-57. Movant made a brief apology. Counsel for Movant then pointed out that Movant was left as collateral by her husband when her co-conspirators did not have enough money for the drugs, and argued that Movant was thus less culpable because she was just following instructions. Counsel further noted that the government did not even want Movant's cooperation because Movant knew so little. Counsel further argued that it would be unfair to give Movant more time than her husband under the totality of the circumstances of this case. Counsel also pointed out that Movant's husband was apprehended at a train station attempting to flee, after he learned that his wife had been apprehended.

The Court ultimately found the guideline sentencing range calculated by the probation department to be accurate, and sentenced Movant to 43 months in prison, followed by a period of supervised release of five years. The Court also imposed the $100 special assessment. Movant then stated that she understood that any Notice of Appeal would have to be filed within 14 days despite her appellate waiver, and again stated that she was satisfied with her lawyer.

## Standard of Review

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under §2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255; see also Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999)("[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" )(internal citations and quotations omitted)). However, the movant in a §2255 proceeding must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Aron v. United States, 291 F.3d 708, 715, n. 6 (11th Cir. 2002). Otherwise, no evidentiary hearing is warranted. Id, 291 F.3d at 714-715 (explaining that no evidentiary hearing is needed when claims are "affirmatively contradicted by the record" or "patently frivolous"); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)(noting that a

6

hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record). Moreover, a court need not conduct an evidentiary hearing where the issues can be conclusively decided on the basis of the evidence already in the record, and where the petitioner's version of the facts have already been accepted as true. See, e.g., Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1070 (11th Cir. 2011); Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); Smith, 170 F.3d at 1054; Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983); Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

The pleading requirements for a motion to vacate under §2255 apply equally with regard to claims of ineffective assistance of counsel. Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); see also Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). A movant's claims of ineffective assistance of counsel are thus subject to dismissal without a hearing when they "are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(citations omitted). The movant in a §2255 proceeding alleging ineffective assistance of counsel must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief. United States v. Aiello, 900 F.2d 528, 534 (2nd Cir. 1990). Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability are insufficient to require a hearing or further

7

consideration. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995)

## Discussion

As set forth above, with the exception of Movant's claim that counsel misadvised Movant to plead guilty, all of Movant's claims of ineffective assistance of counsel concern counsel's alleged shortcomings prior to Movant entering her plea. However, the traditional rule is that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects up to that point in the proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973)(noting that a guilty plea represents a break in the chain of events which had preceded it in the criminal process). The waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992 (1982); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See United States v. Broce, 488 U.S. 563, 574-575 (1989). Thus, a voluntary guilty plea constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point.

To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). A voluntary and

8

intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984).

Here, as set forth above, the Court carefully confirmed during the Rule 11 colloquy that the plea was free from coercion, and that Movant understood the nature of the charges and the consequences of her plea. Movant's representations during the plea proceeding, as well as those of her lawyer and the prosecutor, and the findings by the Court when accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."); United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005)("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Here, the record conclusively reflects that movant's plea of guilty is in fact lawful in that it was entered in accordance with the applicable constitutional principles.

As further set forth above, however, in one claim Movant asserts that counsel was ineffective in advising her to plead guilty. Liberally construed, this allegation could be read as a claim that Movant's plea was unknowing and involuntary. See See Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(pro se filings should be liberally construed, and are subject to less stringent

pleading requirements); see also Graham v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996)(when read liberally, a pro se habeas petition "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'")(*quoting* Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994).

Because a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. Brady v. United States, 397 U.S. 742, 748 (1970). A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). A guilty plea is, however, open to attack on the ground that counsel did not provide reasonably competent advice. Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716 (1980)(citations omitted). A habeas petitioner can thus overcome the otherwise voluntary and intelligent character of his or her guilty plea only if he or she can establish that the advice she received from counsel was not "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970).

Strickland's two-part test applies when a prisoner contends ineffective assistance led him or her to enter "an improvident guilty plea." Yordan v. Dugger, 909 F.2d 474,477 (11th Cir.1990)(*citing* Hill v. Lockhart, 474 U.S. 52 (1985)). The first part of the Strickland test of course asks whether "counsel's assistance was reasonable considering all the circumstances." 466 U.S. at 688. An attorney has an obligation "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." Stano v. Dugger, 921 F.2d 1125, 1149-50 (11th Cir. 1991). "Judicial scrutiny of counsel's performance must be highly deferential," however, and

10

the courts should make certain "that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Counsel's advice need not be errorless, and need not involve every conceivable defense; rather, it must simply be within the realm of competence demanded of attorneys representing criminal defendants. Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir. 1983)(citations omitted).

In cases where a guilty plea has been entered, application of Strickland's second prong requires a showing that there is a reasonable probability that, but for counsel's alleged errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 58. However, the defendant's "mere allegation that he would have insisted on trial . . . , although necessary, is ultimately insufficient to entitle him [or her] to relief." United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); see also Hutchings v. U.S., 618 F.3d 693 (7th Cir. 2010); United States v. Farley, 72 F.3d 158, 165 (D.C. Cir. 1995). Rather, the defendant must generally come forward with some objective evidence that he or she would not have pled guilty. Hutchings, 618 F.3d at 697. Indeed, there must be some showing that the decision to proceed to trial would have been rational under the circumstances. See Padilla v. Kentucky, 559 U.S. 356, 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). As such, the court must look to the totality of the objective factual circumstances surrounding the plea in order to determine whether there is a reasonable probability that the petitioner would in fact have insisted on trial. See, generally, Hill, 474 U.S. at 59; Hutchings, 618 F.3d at 697. In many guilty plea cases, this inquiry will closely resemble the inquiry that the court would engage in to determine whether the result would have been different

11

had the petitioner proceeded to trial, and will generally include assessment of matters such as the strength of the prosecution's case, any available defenses, the plea colloquy and negotiations, and the potential sentencing exposure. See Hill 474 U.S. at 59-60; Farley, 72 F.3d at 165. These issues are relevant precisely because they provide circumstantial evidence of the defendant's state of mind in making the plea. Miller v. Champion, 262 F.3d 1066, 1073 (10th Cir. 2001). A criminal defendant's subjective statements that he would have proceeded to trial can thus only support a finding of prejudice "if combined with probative, objective evidence" that the result would somehow have been different. Hutchings, 618 F.3d at 697. The weight of authority holds that a self-serving and conclusory statement by the defendant is insufficient in itself to show prejudice in the context of guilty pleas. See, e.g., United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990); United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997); Parry v. Rosemeyer, 64 F.3d 110, 118 (3rd Cir. 1995); United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993); United States v. Horne, 987 F.2d 833, 836 (D.C. Cir. 1993); Bonvillain v. Blackburn, 780 F.2d 1248, 1253 (5th Cir. 1986).

Here, Movant alleges that counsel told Movant that she could get a life sentence if she did not plead guilty, but that if she did plead she would get ten years, and even then that counsel might be able to get her a shorter sentence. All of this was true and, as such, does not demonstrate that counsel was deficient in any way. Movant further alleges that she told counsel to review the evidence to see that she was not a drug dealer, that the case was a trap against her and her co-conspirators, and that the drugs were fake, but that counsel did not listen to her. However, as further set forth above, the record reflects that the government had strong

12

evidence of Movant's participation in the alleged conspiracy, the fact that the drugs were fake would not have been a defense, and Movant fails to articulate any facts that would have supported the exceedingly difficult standard to satisfy for an entrapment defense. Indeed, Movant fails to specify what evidence, if any, further investigation would have revealed. As such, Movant fails to allege any facts that, if proved, might establish that counsel performed deficiently in advising her to plead guilty. See Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"); see also Ceja v. Stewart, 97 F.3d 1246, 1255 (9th Cir. 1996)(rejecting claim of ineffective assistance where defendant failed to explain what compelling evidence additional investigation would have unearthed that would have negated evidence of guilt).

Regardless, even if Movant could establish deficient performance, Movant would not be able to establish prejudice. Indeed, Movant fails to even allege that, but for the alleged misadvice, Movant would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 58 (prejudice prong on claims of misadvice in accepting a plea requires showing that, but for counsel's alleged errors, the defendant would not have pleaded guilty and would have insisted on going to trial). But even if she had, any such after-the-fact, self-serving allegation would be insufficient to satisfy this standard. See Hutchings, 618 F.3d at 697 (conclusory statements that a defendant would have proceeded to trial are insufficient to establish prejudice); Arvanitis, 902 F.2d at 494 (same); LaBonte, 70 F.3d at 1413 (same); Parry, 64 F.3d at 118 (same); Gordon, 4 F.3d at 1571 (same); Horne, 987 F.2d at 836 (same); Bonvillain, 780 F.2d at 1253 (same). Moreover, review of the record demonstrates that the government had a strong case against Movant, Movant was facing

13

significant time, Movant had no viable defense, and counsel for Movant negotiated a very favorable deal for Movant. Indeed, Movant was sentenced to less than the otherwise-applicable statutory minimum sentence. Under these circumstances, Movant cannot establish a reasonable probability that she would have rejected the plea offer and insisted on proceeding to trial. See Padilla, 559 U.S. at 372 (requiring some showing that decision to proceed to trial would have been rational under the circumstances); Hutchings, 618 F.3d at 697 (defendant must generally come forward with some objective evidence that he or she would not have pled guilty); see also Singleton v. Sec'y of Dept. Of Corr., 2009 WL 975783, *4 (M.D. Fla. 2009 ("The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial.").

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Id. Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district

14

court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a §2255 movant's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

Having determined that Movant is not entitled to relief on the merits, the court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of Movant's claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. See Miller-El, 537 U.S. at 336-38; Slack, 529 U.S. at 483-84.

## Conclusion

Based upon the foregoing, it is recommended that the motion to vacate be DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

SIGNED this 10th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Sirley Castro
09039-104
Tallahassee
Federal Correctional Institution
Inmate Mail/Parcels
501 Capital Circle NE
Tallahassee, FL 32301

Jamie Galvin
U.S. Attorney's Office
HIDTA
11200 N.W. 20th Street
Suite 101
Miami, FL 33172